**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                            **Honorable Denise Page Hood**
                                                 **Case No. 06-20233**

    **vs.**

**D-1    IBRAHIM HIJAZI,**

        **Defendant.**

_____/.

## STIPULATION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, and Julie A. Beck, Assistant U.S. Attorney, together with Defendant Ibrahim Hijazi, by and through his attorney, Edward J. Holmberg, hereby submit this Stipulation for Entry of Preliminary Order of Forfeiture:

WHEREAS, an Indictment was issued in the United States District Court for the Eastern District of Michigan on or around May 3, 2006, which charged violations of Title 18, United States Code, Section 2320; and forfeiture allegations pursuant to Title 18, United States Code, Sections 981 (a)(1)(C) and Title 28, United States Code, Section 2461;

WHEREAS, on or about October 18, 2006, Defendant Ibrahim Hijazi entered into a Rule 11 Plea Agreement, wherein he agreed to plead guilty to Count One of the Indictment (Trafficking in Counterfeit Goods) and to forfeit his interest in the following assets (hereafter "Subject Assets") pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461: Twelve Thousand

One Hundred Sixty-Four Dollars in U.S. Currency ($12,164.00);

WHEREAS, Defendant Ibrahim Hijazi agrees that his interests in the Subject Assets shall be forfeited to the United States pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461 as such property constitutes or is derived from proceeds gained as a result of violations of 18 U.S.C. § 2320 (Trafficking in Counterfeit Goods);

WHEREAS, in entering into this agreement with respect to forfeiture, Defendant Ibrahim Hijazi expressly waives his right to have a jury determine the forfeitability of his interest in such property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure;

WHEREAS, Defendant Ibrahim Hijazi agrees to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

WHEREAS, Defendant Ibrahim Hijazi knowingly, voluntarily and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

NOW THEREFORE, based upon Defendant Ibrahim Hijazi's Rule 11 Plea Agreement, the United States Department of Treasury is hereby authorized to dispose of the Subject Assets according to law, as follows:

1.      Any and all right, title and interest of Defendant Ibrahim Hijazi in the said Subject Assets IS HEREBY FORFEITED to the United States for disposition in accordance with the law, and any right, title or interest of Defendant Ibrahim

Hijazi, and any right, title or interest that his successors or assigns have or may

have in the said substitute assets IS HEREBY AND FOREVER

EXTINGUISHED.

2.      The United States is authorized to begin proceedings consistent with applicable

statutory requirements pertaining to ancillary hearings and the rights of any third

parties. The United States shall then publish at least once for three successive

weeks in a newspaper of general circulation, notice of this preliminary forfeiture

order and of its intent to dispose of the above-named Subject Assets in such

manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said

notice shall direct that any person other than the Defendant asserting a legal

interest in the Subject Assets may file a petition with the Court within thirty (30)

days of the final publication of notice or of receipt of actual notice, whichever is

earlier.  The petition shall be for a hearing before the Court alone, without a jury

and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the

petitioner's alleged interest in the currency.  The petition must be signed by the

petitioner under penalty of perjury and must set forth the nature and extent of the

petitioner's alleged right, title or interest in the substitute assets, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the

substitute asset, any additional facts supporting the petitioner's claim, and the

relief sought.

3.      The United States may also, to the extent practicable, provide direct written notice

to any person or entity known to have an alleged interest in the Subject Assets.

4.      Following the Court's disposition of all petitions filed, if any, upon proof of

        publication and notice to any persons known to have alleged an interest in the

        Subject Assets and upon entry of a Final Order of Forfeiture, the United States

        shall have clear title to the Subject Assets.

5.      Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall

        become final as to Defendant Ibrahim Hijazi at the time of his sentencing and

        shall be made part of the sentence and included in the Judgment.  If no third party

        files a timely claim, this Order shall become the Final Order of Forfeiture, as

        provided by Fed.R.Crim.P. 32.2(c)(2).

6.      The United States shall have clear title to the Subject Assets following the Court's

        disposition of all third-party interests, or, if none, following the expiration of the

        period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C.

        § 2461(c), for the filing of third party petitions.

7.      The Court shall retain jurisdiction to enforce the Stipulated Preliminary Order,

        and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Approved as to substance and form:

STEPHEN J. MURPHY
United States Attorney

Dated: October 18, 2006                              s/ Sarah Resnick Cohen

Assistant United States Attorney

Dated: October 18, 2006                              s/ Julie A. Beck

Assistant U.S. Attorney

By signing this document, the defendant acknowledges that he has read this entire document with the assistance of defense counsel.  Defendant acknowledges that he understands it and agrees to its terms, and that he is satisfied with his attorney's advice and representation.


Dated: October 18, 2006                              s/ Ibrahim Hijazi (with consent)

                                                     Defendant


Dated: October 18, 2006                              s/ Edward J. Holmberg (with consent)

                                                     Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                           **Honorable Denise Page Hood**
                                             **Case No. 06-20233**
  **vs.**

**D-1   IBRAHIM HIJAZI,**

      **Defendant.**
_____/.

**PRELIMINARY ORDER OF FORFEITURE**

This matter having come before the Court for Entry of the Stipulated Preliminary Order of Forfeiture, herein incorporated by reference, and the Court having reviewed the Stipulation, and being otherwise fully advised in the premises;

**NOW THEREFORE,** the Stipulated Preliminary Order of Forfeiture shall be **ENTERED.**

      **IT IS SO ORDERED.**

Dated: November 8, 2006            s/ DENISE PAGE HOOD
                                 HONORABLE DENISE PAGE HOOD
                                 UNITED STATES DISTRICT JUDGE